Mk. Justice Walker, delivered the opinion of the court. This suit is brought against Lawson and his securities on his official bond as sheriff. The breach of official duty is that he refused to levy an execution on property when directed by the plaintiff in execution so to do. The defendants filed four special pleas, numbered 3, 4, 5, 6; to each of which a demurrer was sustained. As the whole question in this case is dependent upon a proper construction of the duty and responsibility of the sheriff, who receives an execution to be levied, we will proceed at once to lay down what we understand to be his duties and responsibilities in such cases. In obedience to the command of the writ he should, without: delay, levy on property sufficient to satisfy the debt and costs. In determining what is a sufficient levy for that purpose, he is left to exercise his own judgment, free from the restraint or control of either the plaintiff or defendant; and is accountable to the plaintiff, on the one hand, if he fails to levy on as much as a reasonable, prudent man would deem sufficient for that purpose, (if so much is to be found within his legal grasp); and on the other, to the defendant for an unreasonable and unnecessary levy on his property. It is true that the plaintiff may point out property to be levied on: this is merely in aid of the officer in identifying the property as the defendant’s, and imposes no obligation on the officer to levy on that particular property to the exclusion of or in preference to other property. To permit this is, in effect, to allow the plaintiff to select the property upon which the levy is to be made., power which belongs exclusively to the officer until by Statute the defendant was allowed to select such property as he could most conveniently part with, or to which he attached less value; but even this statutory provision, extending as it does only to discriminate in favor of the defendant’s selection, where he has more than sufficient property to satisfy the process, has nothing whatever to do with the amount of property to be taken; this the sheriff takes upon his official responsibilities to the parties. We are not to be understood as asserting that the sheriff is bound to take exactly enough, and no more; this wouldbe unreasonable if not impossible. It is only where the estimate is so far from that which a prudent discreet man would make as to render him accountable from a presumption of negligence or design to wrong or injure the party aggrieved. The state of case before us requires that we should extend our inquiries farther, and raises the question whether a sheriff, who has made a levy on property sufficient to satisfy the debt and costs, is responsible that it should remain so until sale, and if after a lapse of time and delay over which he had no control, the property decreases in value and fails to sell for a sum sufficient to satisfy the plaintiff’s demand, whether he can be held responsible for the deficit. If so, it amounts to an absolute guarantee for the sufficiency of the levy, and that the property shall sell for money sufficient to pay the debt. To the correctness of this proposition we cannot subscribe, and that we may show more clearly its incorrectness we will suppose that the levy be made on flour of value amply sufficient to pay the debt, but on account of delay, not the fault of the officer, and unusually damp and wet weather, the flour is damaged, and sells for half its former value and fails to satisfy the debt, is the sheriff responsible for this? Again, suppose he goes to a warehouse and levies on bales of cotton sufficient, at the cash price in hand, to pay the debt, and before the day of sale cotton falls to half its price, shall the sheriff make up the deficit? But if this rule is sound and just, let us apply it on the other side. We have said that the sheriff is responsible to the defendant for an excessive levy. Suppose the sheriff levies on property sufficient in value at the time of the levy to pay the debt; (for this the defendant has no cause of complaint,) but on the day of sale, the property has so increased in value that it sells for double the amount of the debt, could it be contended that the sheriff was accountable for an excessive levy? We think not: and yet there is as much reason in the one case as in the other, both departing from the value of the property at the time of the levy, and resorting to the amount for which it sells as the criterion by which to determine the accountability of the officer. We are fortified and sustained in our opinions on this point by authority analogous at least in principle. In a case where a sheriff had taken a replevin bond with insufficient securities, it was held that if the securities were apparently responsible persons, the sheriff was not responsible, although they are not actually so. 3 Stark. Ev. 1351. In New York it has been held that a sheriff is not liable for property levied upon which is stolen, or for robbery, fire or other accident unless connected with his own negligence. 5 Hill 588. And such, we say, is the law in cases where he levies on sufficient property at the time of levy, but which, by accident or delay or change in the value of property, does not sell for enough to pay the debt. Having pursued this inquiry as far as we deem it necessary to a proper understanding of the principles involved in this case, we will first apply them to the 4th and 5th pleas; each of which interpose the defence that although the sheriff did not obey the command of the plaintiff by levying on the particular tract pointed out, he was not bound to do so forasmuch as he levied on property of value sufficient to satisfy the plaintiff’s entire demand: which property, by lapse of time, not caused by defendant, and the change in the value of property between the days of levy and sale, did not sell for as much as the debt. Now, if the rule, which we have laid down be correct (and we think it is) — that a sheriff is not bound by the directions of the plaintiff to levy on any particular property, and is only required to levy on property of sufficient value to pay the plaintiff’s demand — if he does not levy on property of sufficient value for that purpose, he may plead it in bar of an action against him for failing to levy on sufficient property. We are therefore of opinion that the 4th and 5th pleas set up a legal defence to the action if well pleaded. There is no very substantial difference between them, and had a motion been made to strike one of them from the files, the plaintiff should have been required to select which plea he would rely on, and the other should have - been stricken out; but, coming before us on demurrer, we are limited to an inquiry into the sufficiency of the pleas. An attempt is made by counsel so to frame one of them as to make the valuation by appraisers under the Statute conclusive as to the value of the property levied on, and the correctness of this position has been argued at some length. We are, however, of a different opinion. The valuation of appraisers under the Statute has nothing whatever to do with the levy: it in no respect lessens or increases the responsibility of the sheriff. That act was intended to prevent a sacrifice of the defendant’s property: it belongs to a class of legislative acts familiarly known as Relief Laws, which come up to the very verge of constitutional prohibition. The defendants can gain nothing by the valuation: it was ex parte and could not be“ admitted to establish the value of the property at the time the levy was made: such averments are immaterial and may be treated as surplus-age. The 3d plea admits that the legal title to the property on which a levy was directed, was at the time in the defendant in execution and was of considerable value, but sets up as a de-fence that it was encumbered by mortgage beyond its value. The facts disclosed are far from sustaining this conclusion: indeed, they all depend upon contingencies beyond the knowledge of the defendant, and upon those which may or may not arise in future, he mainly predicates his defence that the property was valueless. True, if there is a valid mortgage sufficient to cover the whole value of the land, and that mortgage has not been paid otherwise and should not in future be paid by the mortgager out of other means, the mortgagee may enforce his lien and render the levy worthless; but because these things may possibly happen, does it follow that the land was of no present value? We think not: and it furnishes no excuse to the sheriff for refusing to levy. The 6 th plea is, that the plaintiff in execution, subsequently to the levy of the first, sued out an alias execution, which was levied on other property; but the plea fails to show what disposition was made of the property. Left thus in doubt by the plea, we must apply to it the rule, “That every thing shall be taken most strongly against the party pleading, upon the presumption that the party states his case as favorably to himself as possible.” (1 Ch. Pl. 237,) under which rule we must infer that the property was sold or the levy set aside. The demurrer was therefore properly sustained. But because the Circuit Court improperly sustained the demurrer to the 4th and 5th pleas, the judgment is reversed and the cause remanded.